# Bujac's Appeal.

1. A testator gave the residue of his estate to his executor in trust for his son and daughter " and to their issue as follows : one half being the share of my said son, to be invested, the net income only to be paid to and applied by his guardian as far as necessary for his education and maintenance, and the principal with any accumulations that may have accrued thereon to be paid to him on attaining twenty-one years." In case of his death before twenty-one leaving issue, to be kept in the same way, the income to be paid to their guardian for their education and maintenance and the principal and accumulations to go to them at twenty-one years. If he died without issue in his minority his share to go to the daughter. The share of the daughter was disposed of in the same way. In case of the death of both under age and without issue to go to testator's next of kin. By a codicil he directed the income of his share to be paid to his son until he attained thirty years and then the principal and arrears of interest to be conveyed to him absolutely, but if he should die before thirty without issue his share to go to his daughter absolutely. The daughter died in the life of the testator after the date of the codicil. *Held*, that the daughter's share went to the son under the restrictions of the codicil and vested in the trust until the time fixed for payment to Matthew.

2. The daughter's share passed to the son under the will and the bequest to both passed to him as an entirety.

March 15th 1874. Before AGNEW, C. J., MERCUR and GORDON, JJ. SHARSWOOD, J., at Nisi Prius.

Appeal from Nisi Prius, No. 6, to July Term 1873. In Equity.

This was a bill filed by M. Lachausser Bujac, against The Philadelphia Trust, Safe Deposit and Insurance Company, trustee under the will of Matthew L. Bujac, deceased.

The decedent died in 1871, having made a will dated November 7th 1867, and codicil dated December 15th 1868; they were proved June 1st 1871.

By the will the testator directed that $100,000 of his property should be set apart and applied for the benefit of his two children as thereafter provided in his will. After a number of bequests he further directed:—

"Fifth. The full amount hereinbefore directed to be deducted and set apart for their benefit, together with all the rest, residue and remainder of my estate, real and personal, remaining after the execution of the foregoing provisions, I do hereby devise and bequeath to my executor or executors, and his or their successors, in trust for my children Matthew L. Bujac, now about twenty years of age, and Blanche Bujac, now about eighteen, and to their issue as follows: one half thereof, being the share of my said son, to be and remain securely invested, the net income thereof only to be paid to and applied by his guardian as far as necessary for his education and maintenance, and the principal thereof, with any accumulations that may have accrued thereon, to be paid to him on his attaining the age of twenty-one years. In case of his death before that event, leaving issue him surviving, his share to go to such issue on the same conditions, viz.: that my executor shall keep the same securely invested, and pay over the net income thereof to the guardian of such issue, to be applied by him for its support and education, the principal thereof to be transferred and paid over to such issue upon attaining the age of twenty-one years. In case of the death of my said son during his minority, leaving no issue him surviving, or in case of the death of any such before attaining the age of twenty-one, the share herein intended for the same shall go to my daughter Blanche Bujac. The remaining half thereof, being the share of my said daughter Blanche, is in like manner to be securely invested, the net income thereof applied to her maintenance, and the principal to be paid to her on her attaining the age of twenty-one years, unless she shall marry a Frenchman in France before that event, in which case the said share shall be transferred and paid over to her upon such marriage. If she die unmarried before attaining her majority as aforesaid, then her share shall go to her brother hereinbefore named. And in case both such bequests shall fail to take effect as above provided, in consequence of the death of my children or their issue, then I desire that the same be distributed to my next of kin thereto entitled under the statute of distribution of intestate estates in Pennsylvania." * * *

The codicil was: "Item. I do order and direct that all the

share, proportion and interest of and in my estate, which I have devised and bequeathed to my son, Matthew L. Bujac, I do give, devise and bequeath the same and every part thereof unto my executor, Henry M. Phillips, of Philadelphia, in trust, to hold and keep the same properly secured and invested, and to pay the net profits, income, dividends and interest thereof, unto my said son, as and when received, until he attains the age of thirty years, and when he shall attain that age, to transfer and convey the whole of the same, principal and interest, and all arrears thereof, unto my said son absolutely. But if my said son shall die before attaining the age of thirty years, then the said share shall go to his issue, if he leaves any, and in default of issue the same and every part thereof shall go to my daughter Blanche Bujac, absolutely, her heirs and assigns."

He appointed Henry M. Phillips, Esq., executor of his will, and letters testamentary were granted to him.

The daughter Blanche died after making the will and codicil (but before the testator), a minor, unmarried and without issue.

Mr. Phillips settled his account as executor; it was confirmed. On his own application he was discharged from his trust, and the defendants appointed trustees in his place. The residue, under the fifth clause of the will, in the hands of the defendants as such trustees, amounted to about $140,000, all invested in personal securities.

The plaintiff was the son of the testator, and at the filing of the bill had not attained the age of thirty years.

After setting out the foregoing facts, the bill concluded:—

" That he is advised and believes that as to one-half said amount so devised and bequeathed, and held by said trustees, that is the portion which he takes by limitation on remainder upon the death of his sister, Blanche Bujac, if not as to all the said estate, he takes, under the provisions of said will, an absolute vested interest, and that there is no subsisting valid trust as to that portion, but that he is entitled to possession of the same, and to a transfer thereof, and prayed a decree that he took an absolute vested interest in the said half of said estate, coming to him by limitation under said will, by reason of his sister Blanche's death, and that defendants should be ordered to transfer, assign and set over to him the securities in which said estate was invested."

The answer admitted the facts set forth in the bill, and as to the questions of law submitted to the judgment of the court.

The case was heard on bill and answer, and the court (READ, C. J.) decreed that the bill be dismissed.

The plaintiff appealed, and assigned the decree for error.

*H. M. Phillips*, for appellant.—The mere postponement of payment does not prevent a legacy from vesting: 1 Roper on Lega-

cies 376. Under the terms of these legacies the gift was absolute: Amelia Smith's Appeal, 11 Harris 9; Doyle *v.* Mullady, 9 Casey 264. When an absolute estate is given, its alienation cannot be restrained: Naglee's Appeal, 9 Casey 89; Lantz *v.* Trusler, 1 Wright 485. In doubtful cases the interest is construed to be vested: Manderson *v.* Lukens, 11 Harris 31; Rewalt *v.* Ulrich, Id. 388. Blanche's share accruing to her brother by her death, is not subject to the restrictions in the codicil: Ware *v.* Watson, 7 D., M. & G. 248; Hawkins on Wills 268; Ex parte West, 1 Bro. C. C. 575; Crowden *v.* Stern, 3 Russ. 217; Pain *v.* Benson, 3 Atkyns 80; Masden's Estate, 4 Whart. 428.

*R. L. Ashmead,* for appellees.—The word "interest" in the codicil includes accruing shares: Douglass *v.* ————, 14 Beav. 351; Hawkins on Wills 269.

Judgment was entered in the Supreme Court, January 19th 1874.

PER CURIAM.—The share of Blanche Bujac not having vested in her, but lapsing by her death in the lifetime of the testator, went over to Matthew L., her brother, under the terms of the testator's original will. When it reached the hands of the trustees appointed to take Matthew's share, it came to them as an entirety, and not as part Blanche's and part Matthew's. Consequently, the trust attached to the whole devise and bequest. For the same reason the codicil to the testator's will operated on the whole of Matthew's estate as an entirety. The words are large enough to receive the whole, and the death of Blanche before the codicil took effect, just as in the original will, struck out of it all that related to Blanche. The whole estate vesting in Matthew, is therefore governed by the codicil in connection with the will, and vests in the trust until the time fixed by the testator for payment to Matthew.                          Decree affirmed.